## *EX PARTE* NURNBERGER.

1. ADMINISTRATION—ORDER.—MARRIED WOMAN.—On the grant of letters of administration on an intestate's estate, a sister is preferred by law to a nephew; and under the act of 1891 (20 Stat., 1121), a married woman may be an administratrix, and may legally make the contract contained in an administration bond.

Before FRASER, J., Aiken, April, 1893.

This was an application to the Probate Court of Aiken County to revoke letters of administration granted in October, 1892, to Mrs. Ludekins, on the estate of C. F. Nurnberger, deceased, who died in September, 1892, and to grant letters to petitioner. This petition was dismissed by the Probate Court and its decree affirmed in the Circuit Court, and petitioner appealed.

*Messrs. Patterson & Holman*, for appellant.

*Messrs. Henderson Bros.*, contra.

February 16, 1894. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. There is no controversy about the facts, which are admitted as follows: "C. F. Nurnberger, a resident of Aiken County, died intestate, and his eldest sister, Mrs. Elizabeth Ludekins, filed her petition in the Probate Court of Aiken County to have granted to her letters of administration upon his estate. She was, and is, a married woman. The Probate Judge, after the publication of the usual citation calling upon the kindred and creditors of the deceased to show cause why letters of administration should not be granted to the petitioner, granted her such letters on the —— day of October, 1892, and she having given the bond required by the Probate Court, entered upon the discharge of her trust. Within a short time thereafter, but after the time allowed to appeal therefrom had expired, on November 25, 1892, C. F. Nurnberger, jr., a nephew of the deceased intestate, filed in the Probate Court his petition praying that the

letters of administration granted to Mrs. Elizabeth Ludekins should be revoked, upon the ground that she was a married woman, and, therefore, not entitled to letters. It seems that the petitioner was a resident of Barnwell County, adjoining that of Aiken, where the citation was published; but he does not claim that he had no notice of the application of Mrs. Ludekins, and he makes no charge of fraud against her or the court in regard to the grant of letters. The Probate Court rendered a decree dismissing the petition, on grounds stated. The petitioner appealed to the Circuit Court, and his honor, Judge Fraser, dismissed the appeal and affirmed the decree of the Probate Court, saying: "I feel constrained to dismiss the appeal for the reasons given by the Probate Judge, and for the further reason that it seems to me that under the act of 1891 a married woman may become the administratrix of an estate. She becomes administratrix by signing a bond, and this is a contractual act, which is not inhibited by said act, but is covered by its terms."

Another appeal now comes to this court, upon substantially two grounds, as follows: (1) Because his honor erred in holding that the previous grant of letters of administration to Elizabeth Ludekins was conclusive against the right of the petitioner, C. F. Nurnberger, to have the same annulled in this proceeding. (2) That his honor erred in holding that Elizabeth Ludekins, being a married woman, could take upon herself the duties of administratrix of an estate, and that such power was conferred upon her by the act of 1891.

It will be observed that in the order required in the appointment of administrators by section 1893 of the General Statutes, a sister has priority over a nephew, and, therefore, Mrs. Ludekins has the better right to the administration, unless, under the law existing at the time of her appointment, she was without power or right, as a married woman, to receive the office and discharge the duties thereof. This is really the only question in the case. Did Mrs. Ludekins, a married woman, have that power under the law at the time of her appointment? Under the Constitution of 1868, and the first laws passed under it, there has been much discussion as

to what were the powers and rights of married women in this State. But, as we think, it can hardly be necessary to open the argument here, since the passage of the act of 1891 (20 Stat., 1121), which provides as follows: "A married woman shall have the right to purchase any species of property in her own name, and to take proper legal conveyances therefor, and to bind herself by contract, in the same manner, and to the same extent, as though she were unmarried, which contracts shall be legal and obligatory, and may be enforced at law or in equity by or against such married woman in her own name, apart from her husband: *Provided,* That nothing herein shall enable such married woman to become an accommodation endorser or surety ; nor shall she be liable on any promise to pay the debt or answer for the default or liability of any other person: *And provided, further,* That the husband shall not be liable for the debts of the wife contracted prior to or after their marriage, except for necessary support, and that of their minor children residing with her," &c. This act is clear and unequivocal in its terms. The case does not fall within either of the exceptions made, and we, therefore, feel constrained to concur with the Probate and Circuit Judges that the signing of an administration bond is a contractual act, which is not inhibited by the act, but, on the contrary, is covered by its express terms.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.